UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aaron Tandoh, | Case No. 22-cv-1981 (WMW/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Virginia Police Dept., et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases pending before the Court pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636.

On August 19, 2022, this Court ordered Plaintiff Aaron Tandoh to pay an initial partial filing fee of at least $8.74. (See Order [Docket No. 6] at 3). Plaintiff was given thirty days—that is, until September 18, 2022—to make this payment. Plaintiff was forewarned that if he failed to pay the initial partial filing fee in the time permitted it would be recommended that this action be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b).

That deadline has now passed, and Plaintiff has not paid the initial partial filing fee. In fact, since the time the Court issued its August 19, 2022, Order, Plaintiff has failed to take any action in the present case.

It appears that Plaintiff may not have received this Court's prior Order because he had a change of address without informing the Court of his new address.[1] Nevertheless, "[i]t is Plaintiff's obligation to prosecute his case and to keep the Court informed at all times of his then

---

[1] Although Plaintiff was incarcerated at the time he commenced this action, Plaintiff has since been released from incarceration.

current address and contact information so that he may receive correspondence from this Court." Aery v. Nohre, No. 20-cv-1958 (PJS/LIB), 2021 WL 3410336, at *2 (D. Minn. July 6, 2021) (citing Hogquist v. Anoka Cty. Dist. Courts, No. 19-cv-2471 (WMW/KMM), 2019 WL 6874709, at *1, n.1 (D. Minn. Dec. 17, 2019); Beaker v. Pro-Staff, No. 17-cv-77 (WMW/TNL), 2017 WL 4570774, at *1 n.1 (D. Minn. Oct. 12, 2017); Heiderscheid v. Purdy, No. 18-cv-2677 (PJS/DTS), 2019 WL 4394850 (D. Minn. Aug. 22, 2019)), report and recommendation adopted, 2021 WL 3409328 (D. Minn. Aug. 4, 2021). "Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by falling to provide a current address at which he or she can be reached." Grant v. Astrue, No. 9-cv-2818 (DWF/JSM), 2010 WL 3023915, at *2 (D. Minn. July 13, 2010) (quoting Fate v. Doe, No. 7-cv-9256, 2008 WL 1752223, at *2 (S.D.N.Y. Apr. 16, 2008)), report and recommendation adopted, 2010 WL 3023661 (D. Minn. Aug. 2, 2010); see, e.g., Aery, 2021 WL 3410336, at *2; Passe v. City of New York, No. 2-cv-6494, 2009 WL 290464, at *4 (E.D.N.Y. Jan. 5, 2009); Abraham v. Singh, No. 4-cv-44, 2005 WL 2036887 at, *2 (E.D. La. July 27, 2005). Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with" the Federal Rules of Civil Procedure "or a court order." Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power.'" Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962).

Accordingly, this Court now recommends, in accordance with its prior Order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. See, e.g., Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Therefore, based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Dated: September 28, 2022　　　　　　　　s/Leo I. Brisbois
　　　　　　　　　　　　　　　　　　　　Hon. Leo I. Brisbois
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).